IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICKY C. REA   .                                                         PLAINTIFF

           v.                         Civil No. 3:14-cv-3061-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ricky Rea, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his applications for DIB and SSI on January 5, 2012, alleging an onset date of December 30, 2011, due to a heart attack in 2002, diabetes mellitus, hypertension, and elevated cholesterol.  Tr. 116-121, 122-132, 172-173.  The Commissioner denied his applications initially and on reconsideration.  Tr. 67-72.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on November 21, 2012.  Tr. 38-66.  Plaintiff was present and represented himself.

At the time of the hearing, Plaintiff was 51 years old and possessed an eighth grade education.  Tr. 44, 54-55, 158, 171.  He had past relevant work ("PRW") experience as a livestock farmer and bar tacking machine operator.  Tr. 57-60.

On March 22, 2013, the ALJ concluded that the Plaintiff's coronary artery disease, diabetes mellitus, and hypertension were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 21-22. He determined the Plaintiff could perform a full range of light work. Tr. 22. The ALJ then found the Plaintiff capable of performing his PRW as a bar tacking machine operator. Tr. 25, 164-171.

The Appeals Council denied the Plaintiff's request for review on April 29, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

## III.    Discussion:

On appeal, Plaintiff raises two issues. First, he contends that the evidence of record does not support the ALJ's RFC assessment. Second, the Plaintiff avers that the record lacks substantial evidence to support the ALJ's disability determination.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and they are repeated here only to the extent necessary.

**A.** **RFC:**

Plaintiff's first argument challenges the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. §§ 404.1545, 416.945.  A disability claimant has the burden of establishing his or her RFC.  *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The record consists of only one treatment record.  On January 3, 2012, Plaintiff established care with Dr. Shawn Bogle to obtain medication refills.  Tr. 204-211.  He reported a history of coronary artery disease ("CAD"), hypertension, and diabetes mellitus for which doctors had prescribed the following medications:  Actonel, Glucotrol, Lipitor, Lopid, Niaspan ER, Toprol XL, Aspirin, Clonidine, Hydrochlorothiazide, Lisinopril, Metformin, and Spironolactone.  In spite

4

of undergoing coronary stent placement in 2002, the Plaintiff denied experiencing chest pain or other symptoms consistent with worsening CAD. In fact, he reported no symptoms whatsoever.

A physical examination, including an evaluation of the Plaintiff's cardiovascular and respiratory functioning, was unremarkable. Tr. 207. The Plaintiff was alert and oriented and in no apparent distress. Moreover, he admitted to being in "normal health." Due to the Plaintiff's failure to undergo lab tests since 2008, Dr. Bogle ordered a complete blood count, which revealed a low red blood cell count and high glucose, BUN, creatine, protein, and cholesterol. The Plaintiff's HgA1c level was 6.9, which is indicative of fairly well controlled blood glucose levels over the previous three-month period. Dr. Bogle advised the Plaintiff to continue his current medications and follow up in six months.

On May 11, 2012, Dr. Patricia McCarron, a non-examining, consultative physician, completed a physical RFC assessment. Tr. 214-221. After reviewing the Plaintiff's records, she concluded that the Plaintiff could perform a full range of light work. Dr. Sharon Keith affirmed this assessment on June 4, 2012. Tr. 222-224.

At the administrative hearing, the Plaintiff denied a history of hospitalizations or emergency room treatment during the relevant time period. Tr. 49. In fact, he admitted that he followed up with his cardiologist on only one occasion after his heart attack in 2002. Tr. 49. Moreover, although prescribed Nitroglycerine, his discomfort did not rise to the level that would warrant him taking this medication. Tr. 49-50.

On an average day, the Plaintiff testified that he prepared breakfast for his mother and himself, fed the cats, and drove to the post office to check the mail. Tr. 54. On an adult function report completed in April 2012, he also reported mowing twice per week, preparing dinner, watching television, caring for his personal hygiene, and attending church services once weekly.

Tr. 175-182.  He also indicated that he could no longer lift 50 pounds, stating I "can't lift anything over 25 pounds."  Tr. 180.

There are also some inconsistencies in his reports concerning the number of hours he worked at his last job.  On a disability report, he admitted working 8 hours a day, 5 days per week at a rate of $8.00 per hour.  Tr. 159.  On an activity report, he claimed to have worked 3-4 hours per day, 4 days per week at a rate of $7.25 per hour.  Tr. 165-166.  Then, at the administrative hearing, he testified to working 5-6 hours per day.  Tr. 59.  S*ee Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding ALJ's credibility determination is entitled to deference).  However, he did consistently divulge that his previous employer laid him off.  *See Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998) (finding Plaintiff's work history to be offset by the fact that she was laid off, rather than forced out due to her condition).

Based on the aforementioned evidence, the ALJ concluded that the Plaintiff could perform a full range of light work.  *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment).  The Plaintiff acknowledges the scant medical evidence, but asserts that the ALJ should have ordered consultative examinations to develop the record in this case.  We disagree.  The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts.  *See Stormo*, 377 F.3d at 806.  However, the ALJ is not required to function as the claimant's substitute counsel.  *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994).  While "[a]n ALJ should recontact a treating or consulting physician if a critical

6

issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Although the record contains only one medical record, when coupled with the Plaintiff's testimony, it is clear he sought out treatment on only one occasion during the relevant time period. There is no evidence to suggest that additional medical records exist that might corroborate the Plaintiff's allegations. He did have prescriptions for CAD, hypertension, and high cholesterol. However, the record makes clear these medications effectively controlled his symptoms. *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling). His denial of hospitalization or emergency treatment for any of his alleged impairments further bolsters this inference. Moreover, when examined by Dr. Bogle in 2012, the Plaintiff voiced no complaints and Dr. Bogle noted no physical findings. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). In fact, Dr. Bogle documented "no chest pain or symptoms of any worsening CAD at this time." Tr. 208. *Lott v. Colvin*, 772 F.3d 546, 549 (8th Cir. 2014) (merely being diagnosed with a condition named in a listing and meeting some of the criteria will not qualify a claimant for presumptive disability under the listing).

Accordingly, despite Plaintiff's contention that he did not seek out medical attention because he had no insurance and did not qualify for Medicaid, the evidence indicates that his failure to seek out treatment was due to the absence of symptoms necessitating treatment. Further, considering the Plaintiff's history of stent placement and coronary artery disease[1], we find

---

[1] We do note the non-examining doctor's recommendation of a medium work RFC. However, in light of the overall record in this case, we find a light RFC determination to be proper.

7

substantial evidence to support the ALJ's determination he could perform a full range of light work.

**B.      Substantial Evidence:**

In his second argument, the Plaintiff makes a blanket statement that substantial evidence does not support the ALJ's decision in this case.  As previously noted, the ALJ's disability decision is a four or five-step process, depending on the Plaintiff's ability to return to his PRW.  The Plaintiff does not contest nor do we take issue with the ALJ's determination that he had not engaged in substantial gainful activity since his alleged onset date or that CAD, diabetes mellitus, and hypertension were his only severe impairments.  Given the absence of evidence to indicate the Plaintiff's impairments required ongoing treatment, we also find substantial evidence supports the ALJ's conclusion that the Plaintiff's impairments did not meet or medically equal a listed impairment.  Further, having evaluated the ALJ's credibility and RFC determinations in the preceding section, we will merely say substantial evidence supports these determinations.  This leaves us with only one question, whether the claimant is capable of performing his past relevant work.

The ALJ concluded the Plaintiff could return to his PRW as a bar tacking machine operator. At the hearing, the ALJ called a vocational expert to testify concerning Plaintiff's PRW and his ability to perform other work in the national economy.  Although not specifically labeled in the Dictionary of Occupational Title, the vocational expert found Plaintiff's PRW to most closely resemble that of a bar tacking machine operator.  Based on the Plaintiff's description of his performance of that position, the vocational expert classified it as light, semiskilled work. Tr. 63. The ALJ then asked the vocational expert whether an individual of Plaintiff's age, education, and experience with the RFC to perform a full range of light work could return to the Plaintiff's PRW.

8

Tr. 63. The expert indicated that such an individual would be able to perform Plaintiff' PRW as a bar tacker. Tr. 63-64.

We note that vocational expert testimony is not required at step four of the analysis. *See Hill v. Colvin*, 753 F.3d 798, 801 (8th Cir. 2014) (vocational expert testimony not required at step four where the claimant retains burden of proving he or she cannot perform prior work). However, we find that the expert's affirmative testimony supports the ALJ's determination the Plaintiff could return to his PRW.

Having answered the fourth question affirmatively, the ALJ was not required to proceed to step five. Therefore, it is the opinion of the undersigned that substantial evidence supports the ALJ's decision in this case.

**IV.**     **Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and the decision is affirmed. The undersigned further orders that the Plaintiff's Complaint be dismissed with prejudice.

DATED this 29th day of July, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE